{¶ 21} CUPP, J., concurs separately.I concur in the judgment, but I respectfully analyze the statute somewhat differently than has been done in the majority opinion.
 {¶ 22} By statutory definition of the term "construction" in R.C. 4155.03(B), the prevailing wage requirements do not apply unless the project cost is expected ("fairly estimated") to exceed the dollar amount at which the use of prevailing wages on the project becomes mandatory ("threshold amount"). See R.C. 4115.032 and R.C. 4115.04.[5]
The question raised in this case is whether a project can be "fairly estimated" if it is not based on the Department of Commerce's prevailing wage schedule. Significantly, the term "fairly estimated" is not defined in the statute.
 {¶ 23} Because the projected cost of the construction project at issue, as estimated by the architect, did not require formal competitive bidding, the county sought informal proposals from several contractors. All of the contractors proposed to complete the project for less than $18,764, the applicable threshold amount herein. It would appear, then, that the project would cost less to complete than the threshold amount, and that the contractors' proposals would be a fair estimate of the project's costs.
 {¶ 24} Appellant, however, argues that public authorities first must utilize prevailing wage rates in a project's cost estimate before a determination can be made whether or not the cost threshold has been crossed. As applied to this case, appellants' essentially argue for an interpretation of the statute that requires the prevailing wage rates to apply before a determination can be made that they do not apply. However, the statute itself does not set out this requirement, and this court may read not into the statute a requirement it does not contain.
 {¶ 25} Without further statutory direction, the county was free to use any reasonable method to determine the fair estimate of the project's cost. Appellant has not demonstrated that use of informal proposals, as the county did here, is unreasonable.
 {¶ 26} Additionally, I find no evidence in the record before us to suggest that even if the prevailing wage rates were utilized in estimating the cost of the project, it would exceed the threshold amount.
 {¶ 27} I would affirm the trial court for the foregoing reasons.
[5] Concomitantly, for purposes of the application of the prevailing wage law, the county would not be a "public authority" under R.C. 4115.04 because the term "public authority" as defined in R.C. 4115.03(A) also relies upon the definition of "construction" in R.C. 4115.03(B). Thus, because a project with a cost less than the prevailing wage threshold would not be "construction", the county would not be a "public authority" required to comply with the statute.